# In the United States Court of Federal Claims

| | |
|---|---|
| JEANNETTE SOTO SANTINI,<br><br>      *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>      *Defendant.* | No. 24-1714C<br>(Filed November 21, 2024) |

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

**SILFEN,** *Judge.*

  Jeannette Soto Santini filed a complaint in this court alleging that her former employer, a private company, discriminated against her and committed illegal acts. Ms. Santini requests that several government agencies investigate her former employer. This court does not have jurisdiction over private companies or tortious conduct, nor can this court order the government to conduct the investigations Ms. Santini requests. The court therefore **dismisses** the complaint sua sponte under rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC). The court also **denies** Ms. Santini's motion to proceed in forma pauperis.

**I. Background**

  Ms. Santini, appearing on behalf of herself, alleges that her former employer, Adventure Tours by Dawn, is committing crimes and violating regulations, including by failing to pay federal payroll taxes under the Federal Insurance Contributions Act, falsifying its taxes, requiring its employees to drive without appropriate permits, and failing to maintain its company vehicles. ECF No. 8 at 1-2. She also alleges that the company has retaliated against her and other employees and

1

has harassed her. *Id.* She asks the court to order government agencies to investigate the company and remove certain named government employees from their roles. *Id.* at 3.

Ms. Santini attaches to her complaint a separate complaint that she filed against Adventure Tours by Dawn, Erica Tucker-Lays, and Transdev North America / Fairfax Connector in the United States District Court for the Eastern District of Virginia. ECF No. 8-1.

**II.    Discussion**

The Tucker Act primarily defines this court's jurisdiction. It gives the court exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction on its own. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The scope of the court's subject-matter jurisdiction is also reflected in 28 U.S.C. § 1915, which governs the granting of in forma pauperis status to litigants. Section 1915 demands that this court dismiss a case "at any time if the court determines that ... the action ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Hastings v. United States*, 165 Fed. Cl. 1, 8 (2023) (finding a complaint frivolous when it sought "extraordinary relief while alleging myriad violation of Plaintiff's rights with minimal specificity as to the allegations and relevant facts"). If a complaint is frivolous, the court may not grant in forma pauperis status. *Neitzke*, 490 U.S. at 324-25. A decision to grant or deny in forma pauperis status is otherwise within the court's discretion. *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016).

  A. **This court lacks jurisdiction over Ms. Santini's complaint**

Even liberally construed, this court does not have jurisdiction over Ms. Santini's complaint. As an initial matter, Ms. Santini's complaint alleges harms caused by her former employer, Adventure Tours by Dawn. This court only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491. The court therefore lacks jurisdiction over the private company that Ms. Santini accuses in her complaint. *See Beauvais v. United States*, No. 24-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024) (holding that suits against private companies are "plainly beyond the

3

jurisdiction of the Claims Court"); *Martin v. United States*, No. 22-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials."). Although the complaint names the United States as the defendant, the substance of the complaint controls, *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998), and in substance Ms. Santini's concern is with a private company. Thus, the court must dismiss Ms. Santini's claims against the private company named in her complaint.

This court lacks jurisdiction over Ms. Santini's complaint for the additional reason that she alleges only tort claims. She states that she is filing "several Federal Tort Claim Complaints." ECF No. 8 at 1. Her allegations include retaliation and harassment, as well as arguments that the company is not paying its taxes, maintaining its vehicles, or following regulations. To the extent that Ms. Santini is alleging that she was harmed, through retaliation and harassment, as opposed to general violations of the law, she is alleging torts. *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (explaining that retaliation has "long been recognized as [a] tort claim"); *Barber v. United States*, 636 F. App'x 1009, 1010 (Fed. Cir. 2016) (noting that claims for harassment sound in tort). The Tucker Act explicitly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... in cases not sounding in tort."); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Under the Federal Tort Claims Act, tort claims against the United States are in the "exclusive jurisdiction" of federal district courts, not this court. 28 U.S.C. § 1346(b)(1). Thus, even if

Ms. Santini's complaint were against the federal government, it would be outside this court's jurisdiction.

Finally, the court cannot address Ms. Santini's requests for government agencies to remove personnel or to initiate investigations of private entities. ECF No. 8 at 1-2. The court does not have jurisdiction over claims for non-monetary relief. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act."); *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (The Tucker Act "gives the [Court of Federal Claims] authority to render judgment on certain monetary claims against the United States.").

## B. Ms. Santini's filings preclude in forma pauperis status

Ms. Santini may not proceed in forma pauperis in this court. A court has a "duty to deny in forma pauperis status to those individuals who have abused the system," *In re Sindram*, 498 U.S. 177, 180 (1991), to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit," *Neitzke*, 490 U.S. at 327. The court has a duty to deny in forma pauperis status if the claims are frivolous or malicious or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *Kemp v. United States*, 124 Fed. Cl. 387, 396 (2015).

In general, the court can determine that a case is malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Cunningham v. JP Morgan Chase Bank National Association*, 815 F. App'x 686, 687 (3d Cir. 2020). Duplicative cases repeat "the same series of events" and allege "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Ms. Santini has filed six cases in this court since June 2024, and her complaint in this case is identical to her complaint in one of the other cases. *Compare* ECF No. 8 *with Santini v. United States*, No.

24-cv-1633, ECF No. 11 (Fed. Cl. Nov. 16, 2024); *see Santini v. United States*, No. 24-cv-1611, ECF No. 9 (Fed. Cl. Nov. 15, 2024); *Santini v. United States*, No. 24-cv-1613, ECF No. 1 (Fed. Cl. Oct. 7, 2024); *Santini v. United States*, No. 24-cv-1614, ECF No. 1 (Fed. Cl. Oct. 7, 2024). At the heart of each of Ms. Santini's cases in this court is her dispute with her former employer. Ms. Santini also sued her former employer in the Eastern District of Virginia alleging many of the same facts. *See Santini v. Adventure Tours by Dawn*, No. 24-cv-2008, ECF No. 1 (E.D. Va. Nov. 8, 2024). The court thus finds that Ms. Santini's complaint is malicious, as it duplicates at least one pending case. *See Johnson v. City of Philadelphia*, 644 F. App'x 130, 131 (3d Cir. 2016). The court further finds that the complaint lacks any arguable basis in law or fact, as its allegations are clearly outside the court's jurisdiction, as already discussed. *See Neitzke*, 490 U.S. at 325. For both of those reasons, the court denies Ms. Santini's application to proceed in forma pauperis.

### III.   Conclusion

For the reasons stated above, this court **denies** Ms. Santini's motion to proceed in forma pauperis and **dismisses** Ms. Santini's complaint for lack of subject-matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Molly R. Silfen
MOLLY R. SILFEN
Judge